UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                  :

LATASHA LOPER,            :

                  :     CASE NO.: 1:16-CV-2283

          Plaintiff,     :

                  :

       v.           :

                  :     OPINION AND ORDER

HOUSING CHOICE VOUCHER  :     [Resolving Doc. 8]

PROGRAM, et al.,       :

                  :

         Defendants.    :

                  :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Latasha Loper, *pro se*, brings a housing discrimination claim against Defendants Housing Choice Voucher Program ("HCVP") and Housing and Urban Development ("HUD").[1]

Plaintiff argues that Defendants HCVP and HUD discriminated against her on the basis of a mental disability[2] by raising her rent on three occasions during 2015.[3] Plaintiff alleges that she spoke with representatives at both HCVP[4] and HUD,[5] but no one was willing to address her complaint.[6]

Plaintiff also alleges that after attempts to adjust her rent, Defendant HCVP retaliated against her by firing her sister, Eugenia Brown, who worked for HCVP as a case manager.[7]

---

[1] Doc. 1. Plaintiff filed an amended complaint on September 19, 2016. Doc. 3.

[2] Doc. 11 at 3.

[3] Doc. 1 at 3. Specifically, Plaintiff argues that her rent was increased from $461 to $497 to $608 within a one-year timespan. *Id*. Plaintiff's rent may have been improperly increased two more times in 2016. Doc. 11 at 3 (noting a December 2016 rent increase). Plaintiff also suggests that HCVP is "not adhering to proper guidelines and the extended process for disabled families with unearned income." Doc. 1 at 2.

[4] Plaintiff states that she spoke with Sheryl Taylor. Plaintiff also notes conversations with other individuals that appear to work for HCVP or the Cuyahoga Metropolitan Housing Authority. Those individuals are Danita Johnson, Jane Nichols, Jeffery Patterson, and "Ms. Baker." *Id*. at 4.

[5] Plaintiff states that she spoke with Nancy Patronick. *Id*. at 2.

[6] Plaintiff also states that she attempted to mediate the dispute but "Section 8 was unwilling to mediate [her] concerns." *Id*. at 4.

[7] *Id*. at 4.

Case No. 1:16-CV-2283
Gwin, J.

On September 13, 2016, Plaintiff Loper filed a housing discrimination claim against Defendants HCVP and HUD.[8]

On January 5, 2017, Defendant HCVP filed a motion to dismiss.[9] HCVP argues that it is *non sui juris*, meaning it lacks the capacity to be sued.[10] HCVP also makes arguments on the merits.[11]

## I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face."[12] The plausibility requirement is not a "probability requirement."[13] The Plaintiff need not try to prove his case in the complaint. But there must be "more than a sheer possibility that the defendant has acted unlawfully."[14]

Federal Rule of Civil Procedure 8 provides the general pleading standard and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[15] In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the [] veracity" of "well-pleaded factual allegations."[16]

## II. Discussion

For a claim to succeed, defendant must have "[c]apcity to . . . be sued" under Federal Rule of Civil Procedure 17(b). Defendant HCVP's capacity to be sued is "determined by the law of the state where th[is] court is located."[17]

---

[8] Doc. 1. Plaintiff amended her complaint. Doc. 3.
[9] Doc. 8. Plaintiff opposes. Doc. 11.
[10] Doc. 8 at 3-4.
[11] Defendant HCVP argues that Plaintiff cannot make out a discrimination or retaliation claim. *Id*. at 4, 5.
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[13] *Id*.
[14] *Id*.
[15] Fed. R. Civ. P. 8(a)(2).
[16] *Id*.
[17] Fed. R. C. P. 17(b)(3).

Case No. 1:16-CV-2283
Gwin, J.

HCVP is a federal program under which "certain low-income individuals qualify to receive housing assistance vouchers that subsidize the cost of renting privately-owned housing units."[18] The Cuyahoga Metropolitan Housing Authority administers the program in Cuyahoga County.[19]

Under Ohio law, the Cuyahoga Metropolitan Housing Authority may "[s]ue and be sued."[20] HCVP, however, is not a legal entity subject to suit. Accordingly, Defendant HCVP's motion to dismiss is **GRANTED.**

Because the Court grants Defendant HCVP's motion to dismiss on procedural grounds, the Court does not address HCVP's merits arguments.

The Court also notes that HCVP's dismissal from the case has no bearing on Plaintiff's arguments on the merits.

IT IS SO ORDERED.

Dated:  February 21, 2017                                  *s/          James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[18] *Velez v. Cuyahoga Metro. Hous. Auth.*, 795 F.3d 578, 580 (6th Cir. 2015).
[19] *See Velez*, 795 F.3d at 581-82 (addressing Defendant Cuyahoga Metropolitan Housing Authority's administration of the Housing Choice Voucher Program).
[20] Ohio Rev. Code Ann. § 3735.31(A) (giving a metropolitan housing authority the right to sue and be sued).